STEPHEN F. BIEGENZAHN (State Bar No. 60584)
**LAW OFFICE OF STEPHEN F. BIEGENZAHN**
611 W. 6th St. Suite 850
Los Angeles, California 90017
Telephone: (213) 617-0017
Facsimile: (480) 247-5977
Email: Steve@SFBLaw.com

[Proposed] Counsel for Debtor

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>**BH MALL, LLC**, a California limited liability company,<br><br>　　　　　　　　　　Debtor.<br><br>DEBTOR'S TAX ID #: | Case No.: 2:09-bk-42300-TD<br><br>Chapter 11<br><br>**MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND TO PROVIDE ADEQUATE PROTECTION OF PRE-PETITION SECURITY INTERESTS; MEMORANDUM IN SUPPORT**<br><br>Date:　February 25, 2010<br>Time:　11:00 a.m.<br>Ctrm:　1345 |

　　BH Mall, LLC ("Debtor") is the debtor in possession in the above-captioned chapter 11 case ("Case"). Debtor makes this Motion pursuant to section 363(c) of the Bankruptcy Code[1] seeking to obtain authority to use the cash collateral of the holder of the first priority, consensual lien on Debtor's sole asset—a shopping mall located in

---

[1] Title 11, United States Code, section 101, et seq.

Cash Use Motion - 1

Bakersfield, California ("Mall"). The relief requested is, as required by law, conditioned on the provision, by the Debtor, of adequate protection of the interests of all secured creditors in their collateral. In support of this Motion, Debtor respectfully represents that:

1. The Case was commenced under Bankruptcy Code chapter 11 in the United States Bankruptcy Court, Central District of California, Los Angeles Division ("Court") on November 17, 2009.

2. On November 19, 2009, Debtor was served with a Notice of Security Interest [etc.] on behalf of Weber International, Inc. ("Weber") who is the holder of the first deed of trust on the Debtor's sole asset, a shopping mall in Bakersfield, California ("Mall"). The Mall is also encumbered by a number of subordinate deeds of trust ("Subordinate Liens").

3. All of the holders of the Subordinate Liens consent to the use of the "rents, issues and profits" (collectively "Rents") in which each has an interest; only Weber objects to the use of the Rents.[2]

4. The Case was impelled by the efforts by Weber, to foreclose under its trust deed, and, thus, to deprive the Subordinate Lien holders and the Debtor of the residual value of the Mall. Although the Court has not yet been called upon to gauge the value of the Mall under section 506 of the Bankruptcy Code, there can be no debate its value exceeds the amount due to Weber by several million dollars.

5. Faced with the loss, through foreclosure of all its assets, bankruptcy protection seemed prudent and the only viable option.[3]

---

[2] The Rents are cash collateral as the term is defined in section 363(a) of the Bankruptcy Code.

[3] Factual assertions made in this Motion are supported by the contemporaneously filed and served Declaration of Nick Danesh, the Debtor's managing member, and the site manager at the Mall ("Danesh Declaration").

5. In order to operate its business and to acquit itself of its obligations under the Bankruptcy Code, Debtor must be free to use its cash collateral. As discussed in below, the Debtor intends to make only "ordinary course" payments[4] in conformity with an operating budget which is facially reasonable.

6. The Motion seeks authority for the use of cash collateral for a period of three months, while the Debtor seeks to sell the Mall at a price which enables it to pay all of the secured creditors in full, and those creditors who hold allowed unsecured claims.

7. The Motion seeks approval of no term which is noteworthy under Local Bankruptcy Rule 4001-2(b). Weber, and the holders of Subordinate Liens will retain their liens on the real property on which the Mall sits; and on all species of their other collateral to the extent its pre-petition security interest was valid, perfected and unavoidable.[5]

8. It is arguable; though not a requirement (under the statute or case law interpreting it), that using cash collateral to make ordinary course expenditures will perpetuate, perhaps even enhance, the value of the Mall to creditors and to the Debtor.

WHEREFORE, Debtor prays for interim authority to use cash collateral; and for such other relief as the Court shall deem just.

Dated: February 5, 2010    LAW OFFICES OF STEPHEN F. BIEGENZAHN

By: _____
Stephen F. Biegenzahn

---

[4] Actually, Debtor's budget also contemplates payments to Weber at the non-default note rate as, effectively mandated by subsection 362(d)(3).

# MEMORANDUM IN SUPPORT OF CASH USE MOTION

**The Motion for Use of Cash Collateral and the Granting of Adequate Protection Should Be Approved Under Bankruptcy Code Section 363(e).**

Bankruptcy Code Section 363(c)(2) provides that in order to use cash collateral a debtor must obtain the consent of each creditor that has an interest in cash collateral and Bankruptcy Code Section 363(e) provides that the Bankruptcy Court may condition the use of property in which a creditor has a security interest to provide adequate protection of such interest. Absent that authorization, the Debtor must show that the interest of the creditor in its collateral is "adequately" protected. The matter at hand is so apparent the statutory predicate is sufficient; a discussion of applicable authority would be superfluous.

Moreover, approval of the Motion will prevent immediate and irreparable harm to Debtor's estate [*see*, LBR 4001-2(d)]; the relief requested should be granted.

Dated: February 5, 2010            LAW OFFICES OF STEPHEN F. BIEGENZAHN

By: /s/ Stephen F. Biegenzahn
    Stephen F. Biegenzahn

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 611 W. 6th Street, Suite 850, Los Angeles, California 90017.

A true and correct copy of the foregoing document described as **MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND TO PROVIDE ADEQUATE PROTECTION OF PRE-PETITION SECURITY INTERESTS; MEMORANDUM IN SUPPORT** was served as described below.

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rules ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 4, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated below:

dare.law@usdoj.gov

United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

hfrazer@aalrr.com

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):** On February 5, 2010 I caused the following person to be served at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Chambers of the Honorable Thomas Donavon
United States Bankruptcy Court, Room 1352
255 East Temple Street
Los Angeles, CA 90012

Weber International
1314 California Avenue
Suite 3
Santa Monica, CA 90403

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | | |
|---|---|---|---|
| February 5, 2010 | Stephen F. Biegenzahn | /s/ Biegenzahn | |
| *Date* | *Type Name* | *Signature* | |